```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANKLIN D. SMITH,            : CIVIL NO. 3:05-CV-00668
                              :
          Petitioner          : (Judge Kosik)
                              :
     v.                       : (Magistrate Judge Smyser)
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent          :
```

**REPORT AND RECOMMENDATION**

On April 1, 2005, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner also filed an application to proceed *in forma pauperis.*[1]

In January of 2004, the petitioner was sentenced by Judge Caldwell of this court to a term of imprisonment of five years. *Doc. 1 at 2.*  The petitioner is seeking to vacate his conviction and sentence.  He contends that when he was arrested authorities failed to inform him of his right to consult with his nation's consular official as required by the

---

1. By a separate order filed this date, the petitioner's application to proceed *in forma pauperis* has been granted.

Vienna Convention. He claims that this failure violated his due process and equal protection rights.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The petitioner is seeking to have his conviction and sentence vacated. The claim that the petitioner is raising in this case is the type of claim that should be brought by way of a § 2255 motion before the sentencing judge.

2

To be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).  A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his

3

claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

The petitioner has not argued that his remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention.  Accordingly, the petitioner may not proceed with his 28 U.S.C. § 2241 petition.  It will be recommended that the instant petition be dismissed without prejudice to the petitioner filing a 28 U.S.C. § 2255 motion.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 7,  2005.