UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANKLIN D. SMITH, :
:
      Petitioner :
: NO. 3:CV-05-668
-vs- :
: (Judge Kosik)
:
UNITED STATES OF AMERICA, :
:
      Respondent :

## **MEMORANDUM**

     Before the court are petitioner's objections to the Report and Recommendation of Magistrate Judge J. Andrew Smyser dated April 7, 2005 recommending that the instant petition for writ of habeas corpus be dismissed without prejudice. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

<u>Background</u>

     Petitioner, Franklin D. Smith, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 1, 2005.[1] In his petition, petitioner requests this court dismiss or vacate his criminal conviction because when he was arrested, the authorities failed to inform him of his right to consult with his nation's consular official as required by the Vienna Convention. Specifically, petitioner states that he is a citizen of Jamaica, that he came to the United States in November 2000, that he was taken into custody in December 2002 for drug trafficking, and that he was sentenced in January 2004 to a term of imprisonment of five years. Petitioner asserts that at the time of his arrest, petitioner was not advised on his right to consult with consular officials.

---

[1]     On April 7, 2005, the Magistrate Judge granted petitioner's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

On April 7, 2005, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the petition for writ of habeas corpus be dismissed without prejudice. In the Report and Recommendation, the Magistrate Judge stated that because petitioner is seeking to have his conviction and sentence vacated, his claim should be brought by way of a §2255 motion before the sentencing judge.

On April 14, 2005, petitioner filed objections to the Magistrate Judge's Report and Recommendation. In his objections, petitioner argues that he is not contesting the criminal court proceeding, his sentencing or relief for resentencing, but rather, he requests the dismissal of the indictment which led to his conviction. Petitioner argues that the trial court lacked subject matter jurisdiction for his criminal proceeding. Petitioner also argues that §2241 is appropriate because there is only one jurisdictional requirement that the petitioner be in custody in violation of the Constitution. Finally, petitioner makes a claim of actual innocence based on the authorities' failure to inform him of his right to contact his consulate official.

Discussion

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); *see* *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

Habeas corpus petitions brought under §2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977)(applicable to §2241 petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F.Supp. 156-158-59 (M.D.Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970).  *Accord* *Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. §2255.

28 U.S.C. §2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In his Report and Recommendation, the Magistrate Judge found that because petitioner is seeking to have his conviction and sentence vacated, his claim should be brought by way of a §2255 motion before the sentencing judge. The Magistrate Judge then discusses when a §2241 petition would be appropriate in light of the safety-valve language of §2255. Specifically, the Magistrate Judge points out that a §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir. 1997)(stating "The remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion."). Moreover, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

In his objections to the Report and Recommendation of the Magistrate Judge, petitioner argues that his due process and equal protection rights were violated. Further, petitioner states that he was not contesting the criminal court proceeding, his sentencing, or relief for resentencing, but rather he was raising a violation of the Vienna Convention at the time of the indictment and he requests dismissal of the indictment. Petitioner then discusses his understanding of the nature of actions brought pursuant to 28 U.S.C. §2241

and 28 U.S.C. §2255 and its savings clause. Petitioner also alludes to the one-year statute of limitations for filing a §2255 motion and the filing of the instant motion as successive. Finally, petitioner discusses actual innocence in the context of his failure to be informed of his right to contact his diplomat consul official.

We find no merit to petitioner's objections. Petitioner misapprehends the distinction between §2241 and §2255 motions. As the Magistrate Judge points out, a claim of the type raised by petitioner, namely that his indictment should be dismissed because he was not informed of his right to contact his consul in violation of the Vienna Convention, is a challenge to his conviction and sentence so as to bring it within the ambit of 28 U.S.C. §2255. See <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942 (11th Cir. 2005).

As we indicated earlier, in order to bring a §2241 petition for writ of habeas corpus, the petitioner must establish that the remedy by §2255 is inadequate or ineffective to test the legality of his detention. The petitioner makes several arguments in his objections, however, he fails to establish that some limitation of scope or procedure would prevent a §2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention. While he alludes to a statute of limitations problem, successive petition problem and a claim of actual innocence[2], he has not satisfied the safety valve language of §2255. Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge and dismiss the petition for writ of habeas corpus without prejudice.

---

[2] We note that in his petition for writ of habeas corpus, petitioner states that "In October 2002, authorities investigating drug trafficking used an informant to purchase the controlled substance from Franklin D. Smith on three occasions." Moreover, a review of the docket in petitioner's criminal action, CR-03-00099, shows that petitioner plead guilty to Count II of the indictment on September 26, 2003.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANKLIN D. SMITH,  :
:
      Petitioner  :
:  NO. 3:CV-05-668
-vs-  :
:  (Judge Kosik)
:
UNITED STATES OF AMERICA,  :
:
      Respondent  :

## **ORDER**

AND NOW, this 31st day of May, 2005, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge J. Andrew Smyser dated April 7, 2005 is **ADOPTED**;

(2) The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is **DISMISSED** without prejudice; and,

(3) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

                                                    s/Edwin M. Kosik
                                                  United States District Judge